**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DARYL B. MILLER, individually and on behalf of similarly situated individuals,**<br><br>  Plaintiff,<br><br>vs.<br><br>**INDUSTRIAL CHEMICALS, INC. (ALABAMA) D/B/A INDUSTRIAL CHEMICALS, INC.,**<br><br>  Defendant. | **CIVIL ACTION FILE NO.:**<br><br>_____<br><br>**JURY TRIAL DEMANDED**<br><br>**IN COLLECTIVE ACTION** |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

COME NOW Plaintiff Daryl B. Miller ("Plaintiff Miller"), on behalf of himself and other similarly situated employees, files this Complaint bringing a collective action against Defendant Industrial Chemicals, Inc. (hereinafter "Defendant Industrial Chemicals"). This collective action includes other class-b drivers that drove for Industrial Chemicals, Inc. from its Jonesboro location that were instructed to work similarly to Plaintiff at any time within the past three years. The following allegations are made on personal knowledge with respect to Plaintiff Miller and upon information and belief with request to other similarly situated employees.

# INTRODUCTION

1. This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiff Miller is a resident of the State of Georgia and a former employee of Defendant Industrial Chemicals, which was the FLSA employer of Plaintiff Miller for the relevant period of time. Plaintiff Miller brings this action to recover from Defendant Industrial Chemicals unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), as described below.

2. Plaintiff Miller served as an intrastate class-b driver while working at Defendant Industrial Chemical's Jonesboro location. During at least the period April 1, 2019 to June 28, 2022, Defendant Industrial Chemical paid Plaintiff Miller wages on an hourly basis.

3. During Plaintiff Miller's employment, Plaintiff Miller and his similarly situated employees consistently worked in excess of forty hours per week. Plaintiff Miller generally worked between forty-eight and fifty-eight hours per week most weeks, driving a box truck to haul loads to and from Georgia locations and hauling loads that were not in an interstate stream of commerce. Plaintiff Miller's and his

similarly situated employees' daily deliveries typically caused him to work more than forty hours per week.

4. Because of a centralized policy, Defendant never paid Plaintiff Miller or any similarly situated employees time and one-half wages for any hours worked over forty hours per week in violation of the Fair Labor Standards Act.

5. The specific work performed by Plaintiff Miller as well as similarly situated employees involved rare, minimal, and *de minimis* drives across state lines. The specific work performed by Plaintiff Miller and the similarly situated employees did not amount to more than a *de minimis* amount of interstate commerce. Because Plaintiff Miller as well as similarly situated employees were not subject to the jurisdiction of the Secretary of Transportation, they are non-exempt from the FLSA's overtime requirement, overtime pay is required, and the motor carrier exemption is inapplicable.

## THE PARTIES AND JURISDICTION AND VENUE

6. At all times relevant hereto, Defendant Industrial Chemicals was and is an Alabama corporation registered to do business in this judicial district with a Jonesboro office located at 7536 Jonesboro Road, Jonesboro, Georgia 30236.

7. Defendant Industrial Chemicals is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service William Welch, Jr., who is located at 7536 Jonesboro Rd, Jonesboro, Georgia 30236.

8. Defendant Industrial Chemical is not a firm in general cartage and does not hold itself out to the public as being prepared to transport freight anywhere and at any time.

9. Defendant Industrial Chemical's business activities involve those to which the Fair Labor Standards Act applies, and Defendant Industrial Chemicals is an employer under the FLSA, 29 U.S.C. § 203 of Plaintiff Miller and the other similarly situated employees. For example, Defendant Industrial Chemicals is engaged in interstate commerce.

10. On information and belief, Defendant Industrial Chemicals' most previous annual gross volume of sales exceeded $500,000.

11. Plaintiff Miller is a Georgia resident who worked for Defendant Industrial Chemicals from approximately April 1, 2019 to June 28, 2022. Plaintiff Miller served as a driver hauling chemicals from the Jonesboro warehouse, Georgia to various other locations within Georgia.

12. This Court has original jurisdiction upon the Plaintiff Miller's claims, based upon the Plaintiff Miller's FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337.

13. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## FACTS

14. Defendant Industrial Chemicals employs class-b drivers, including Plaintiff Miller, to drive box trucks hauling chemicals from the Jonesboro, Georgia warehouse to water treatment plants throughout Georgia and very rarely to other states.

15. Upon information and belief, the chemicals hauled by Plaintiff Miller and the other similarly situated employees are stored in a local warehouse in Jonesboro, Georgia, where they are processed and blended before any further interstate movement.

16. Defendant Industrial Chemicals paid Plaintiff Miller and the other similarly situated employees on an hourly basis, but never paid Plaintiff Miller and the other similarly situated employees a time and one-half overtime premium, despite the fact that they regularly worked more than forty hours per week and maintained routes nearly exclusively within Georgia.

17. Plaintiff Miller hauled loads to an average of six to ten customers per day and worked five days per week for Defendant Industrial Chemical.

18. The other similarly situated employees also hauled many loads a day and generally worked five days per week for Defendant Industrial Chemical.

19. The vast majority of the work that Plaintiff Miller and the other similarly situated employees performed for Defendant Industrial Chemicals involved the delivering loads of chemicals to customers within Georgia, rather than interstate or foreign commerce.

20. Of the approximately 1,500 to 2,500 loads that Plaintiff Miller drove annually for Defendant Industrial Chemicals, during his first year he never left the state of Georgia.

21. During his second year with Defendant Industrial Chemicals, of Plaintiff Miller's approximately 1,500 to 2,500 loads, he left Georgia for five loads.

22. In Plaintiff Miller's third year of employment with Defendant Industrial Chemical, of the approximately 1,500 to 2,500 loads that Plaintiff Miller drove, he only left Georgia once.

23. In all years that Plaintiff Miller worked for Defendant Industrial Chemical, less than 1% of his loads involved interstate travel.

24. Upon information and belief, less than 1% of the worked performed by the other similarly situated employees for Defendant Industrial Chemical involved interstate travel.

25. Plaintiff Miller and the other similarly situated employees did not engaged in more than a *de minimis* amount of interstate commerce during their employment with Defendant Industrial Chemical.

26. Plaintiff Miller's work and the similarly situated employees' work was not and is not subject to any exemption to the FLSA and as such, time and one-half overtime should have been paid for all hours worked over 40 hours in a given work week for the period of the three years prior to filing this Complaint to present.

27. Defendant Industrial Chemical's violations were willful and knowing. Defendant Industrial Chemicals refused to pay the class-b drivers one and one-half overtime for hours worked over forty hours weekly despite being responsible for issuing the routes. Because Defendant Industrial Chemical issued the routes, it was well-aware and knew that the vast majority of the specific work performed by Plaintiff Miller and the other similarly situated employees did not engaged in more than a *de minimis* amount of interstate commerce.

## COUNT I – FLSA VIOLATIONS

28.     Plaintiff Miller re-alleges the above paragraphs and herein incorporates them by reference to this count.

29.     The FLSA requires that an employer compensate employees for hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

30.     Plaintiff Miller and the other similarly situated employees are not employees engaged in activities that directly affect the safety of operation of motor vehicles in interstate or foreign commerce because the vast majority of the loads they drive are instrastate.

31.     The Secretary of State lacks jurisdiction over Plaintiff Miller and the other similarly situated employees because the specific work performed by these employees involved only a *de minimis* portion interstate or foreign commerce activities constituted. *See id.*; *see also* 29 C.F.R. § 782.2(b)(3); *Walters v. Am. Coach Lines Of Miami, Inc.*, 575 F.3d 1221, 1227-28 (11th Cir. 2009).

32.     Defendant Industrial Chemical's policies, as stated above, have caused Plaintiff Miller and the other similarly situated employees to be deprived of wages due to them.

33. Defendant Industrial Chemical's policies and actions as stated above were willful and constitute violations of the FLSA, 29 U.S.C. §§ 206-207, requiring overtime compensation to be paid at a rate not less than one and one-half times the regular rate of rate of pay for hours worked over 40 in a given week, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

34. Under 29 U.S.C. 216(b), Defendant Industrial Chemical is liable to Plaintiff Miller and the other similarly situated employees in the amount of their unpaid overtime wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Miller respectfully prays this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of past due wages for Plaintiff Miller and the other similarly situated employees for the period of the three years prior to filing this Complaint to present;

c. That the Court award Plaintiff Miller and the other similarly situated employees liquidated damages;

d.     That this Court award Plaintiff Miller and the other similarly situated employees their reasonable attorneys' fees and expenses of litigation;

e.     Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 15th day of July, 2022.

                By:    */s/ Julie H. Burke*
                          Julie H. Burke
                          Georgia Bar No. 448095
                          **HILL, KERTSCHER & WHARTON, LLP**
                          3625 Cumberland Blvd, SE, Suite 1050
                          Atlanta, GA 30339
                          Tel: (770) 953-0995
                          Fax: (770) 953-1358
                          Email: jb@hkw-law.com
                          *Attorney for Plaintiff Daryl B. Miller*